IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| ATCHISON TRANSPORTATION SERVICES, INC., | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act (the "ADEA"), to correct unlawful employment practices on the basis of age and to provide appropriate relief to William Thomas ("Thomas") and Norris Locke ("Locke") who were adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that the defendant, Atchison Transportation Services, Inc. ("Defendant"), violated the ADEA when it discharged Thomas and Locke because of their ages, then 75 and 76, respectively.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Spartanburg

Division. This lawsuit is being filed in the Spartanburg Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Spartanburg Division.

## PARTIES

3.  Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.  At all relevant times, Defendant has continuously been a South Carolina corporation doing business in the state of South Carolina and the city of Spartanburg and has continuously had at least twenty employees.

5.  At all relevant times, Defendant has continuously been an employer in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.  Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.  <u>William Thomas</u>. On or about December 21, 2011, Defendant engaged in unlawful employment practices at its Spartanburg, South Carolina facility in violation of the

ADEA, 29 U.S.C. § 623(a)(1), when it discharged Thomas from his position as a Motor Coach Driver.

8. On or about December 21, 2011, Thomas met with Defendant's Operations Manager. The Operations Manager informed Thomas that Defendant was terminating his employment. The Operations Manager further stated that he thought that Thomas was "only 70," but because he was 75, Defendant had to let him go. The Operations Manager also stated that Defendant's insurance policy had a clause that did not allow drivers to drive after they reached the age of 75. The Operations Manager did not cite any performance problems as a reason for Thomas termination.

9. <u>Norris Locke</u>. On or about April 30, 2009, Defendant engaged in unlawful employment practices at its Spartanburg, South Carolina facility in violation of the ADEA, 29 U.S.C. § 623(a)(1), when it discharged Locke from his position as a Motor Coach Driver.

10. Locke was 76 years old when the Operations Manager called Locke into a meeting and informed him that because of his age Defendant's insurance carrier did not want to insure him any longer and that he was terminated. The Operations Manager did not cite any performance problems as the reason for Locke's termination.

11. Upon information and belief, Defendant's insurance policy does not, and has never had, an age restriction for coverage.

12. The effect of the practices complained of above has been to deprive Thomas and Locke of equal employment opportunities and otherwise adversely affect their employment status because of their age.

13. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, employees, and all persons in active concert or participation with them, from discriminating against employees because they are 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, as well as an equal sum as liquidated damages, and/or prejudgment interest in lieu thereof, for Defendant's willful conduct toward Thomas and Locke.

D. Order Defendant to make Thomas and Locke, who were adversely affected by the unlawful employment practices described above, whole by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 28th day of August, 2013.

Respectfully submitted,

4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NW
Washington, D.C.  20507

LYNETTE A. BARNES
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney

**s/ Nicholas Walter**
NICHOLAS  WALTER
Trial Attorney (Fed. Bar No. 9975)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:     704.954.6472
Facsimile:     704.954-6412
Email:          nicholas.walter@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

5