IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) Civil Action No. 7:13-cv-02342-HMH )  ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ATCHISON TRANSPORTATION SERVICES, INC., | ) ) ) |
| Defendant. | ) ) ) |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("the Commission") instituted this action pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217. The Commission's complaint alleged that Defendant Atchison Transportation Services, Inc. ("Defendant") violated the ADEA when it discharged William Thomas and Norris Locke because of their ages, then 75 and 76, respectively.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

1

purpose and provisions of the ADEA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.	Defendant shall not discriminate against any person on the basis of age within the meaning of the ADEA, including by terminating an employee because of his or her age.

2.	Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADEA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3.	Defendant shall pay William Thomas the sum of Seventy-Eight Thousand Dollars ($78,000) in settlement of the claims raised in this action.  Defendant shall make payment by issuing a check payable to William Thomas.  Payment shall be made within ninety (90) days after the Court approves this Consent Decree, and Defendant shall mail the check to William Thomas at an address provided by the Commission.  Within ten (10) days after the check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to William Thomas.

4.	Defendant shall pay Norris Locke the sum of Seven Thousand Dollars ($7,000) in settlement of the claims raised in this action.  Defendant shall make payment by issuing a check payable to Norris Locke.  Payment shall be made within ninety (90) days after the Court approves this Consent Decree, and Defendant shall mail the check to Norris Locke at an address provided by the Commission.  Within ten (10) days after the check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Norris Locke.

5.     Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that William Thomas or Norris Lock may or may not incur under local, state and/or federal law.

6.     Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of William Thomas and Norris Locke any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 436-2012-00213 and the related events that occurred thereafter, including this litigation.  Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

7.     Defendant shall provide William Thomas with a neutral letter of reference using the form attached hereto as Exhibit A.  Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be delivered to William Thomas at an address provided by the Commission.  William Thomas is free to disseminate the letter to potential employers.  Defendant agrees that if it receives any inquiry about William Thomas from a potential employer, it will provide only the information set forth in the letter of reference, attached as Exhibit A, in response.

8.     Within ninety (90) days of the entry of this Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following:  an explanation of the requirements of the federal equal employment opportunity laws, including the ADEA and its prohibition against discrimination on the basis of age; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination.  Defendant shall distribute to each current employee a copy of the policy within the aforementioned ninety (90) day time

period.  Within one hundred (100) days of the entry of this Decree, Defendant shall report compliance to the Commission.  During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

9. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 8 above in all of its facilities in a place where it is visible to employees.  If any policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.  Within one hundred (100) days of the entry of this Decree by the Court, Defendant will post the policy and notify the Commission that it has been posted.

10. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees.  Each training program shall include an explanation of the requirements of the ADEA and its prohibition against discrimination based on age.  Each training program shall also include an explanation of Defendant's policy referenced in paragraph 8 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court.  Each subsequent training program shall be conducted at approximately one-year intervals.  At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program.  Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of the Commission's receipt of the agenda.  Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

11. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at each of its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

12. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

- A. the identity of each employee age forty or older terminated by Defendant at any time during the reporting period, including by way of identification each employee's name, last known telephone number and address, social security number, and job title;

- B. the date of the termination; and

- C. a detailed description of the reason for the termination, including the names and job titles of all individuals involved in the termination decision.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

13. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

14. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the

5

allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15. The term of this Decree shall be for two (2) years from its entry by the Court.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

17. Each party shall bear its own costs and attorney's fees.

18. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of two (2) years without further action by the parties.

_____     _____
Date                                   Honorable Henry M. Herlong
                                       United States District Court
                                       District of South Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff | ATCHISON TRANSPORTATION SERVICES, INC.,<br>Defendant |

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

| | |
|---|---|
| **s/ Terri Hearn Bailey** | **s/ Kenneth C. Anthony, Jr.** |
| TERRI HEARN BAILEY (Fed.Id.#3113)<br>Assistant United States Attorney<br>Local Counsel<br>1441 Main Street, Suite 500<br>Columbia, South Carolina 29201<br>Phone: (803) 929-3080<br>Email: Terri.Bailey@usdoj.gov | KENNETH C. ANTHONY, JR.<br>The Anthony Law Firm, P.A.<br>250 Magnolia St. (29306)<br>P.O. Box 3565 (29304)<br>Spartanburg, South Carolina<br>Telephone: 864-582-2355<br>Fax:          864-583-9772<br>Email:       kanthony@anthonylaw.com |
| P. DAVID LOPEZ<br>General Counsel | **ATTORNEY FOR DEFENDANT** |

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney
(admitted *pro hac vice*)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: 704.954.6469
Facsimile: 704.954.6412
Email:      kara.haden@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

[Defendant's Letterhead]

[Date]

TO WHOM IT MAY CONCERN:

Williams Thomas was employed by Atchison Transportation Services, Inc. as a Motor Coach Driver from December 1, 2005 through December 21, 2011. Throughout his employment with Atchison, Mr. Thomas maintained a valid CDL with bus endorsement. His ending wage was $_____ per year.

We hope that this information about Mr. Thomas is helpful to you in considering him for employment.

Sincerely,



[Name]
[Position]

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | Civil Action No. 7:13-cv-02342-HMH |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ATCHISON TRANSPORTATION SERVICES, INC., | ) ) | **EMPLOYEE NOTICE** |
| Defendant. | ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Atchison Transportation Services, Inc., in a case of discrimination based on age. Specifically, the EEOC alleged that Atchison Transportation Services, Inc. terminated William Thomas and Norris Locke because of their age, in violation of the Age Discrimination in Employment Act ("ADEA"). As part of the settlement, Atchison Transportation Services, Inc. agreed to pay monetary damages to Mr. Thomas and Mr. Locke and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. The ADEA specifically prohibits discrimination based on age.

3. Atchison Transportation Services, Inc. will comply with such federal law in all respects. Furthermore, Atchison Transportation Services, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.

To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2016.

**EXHIIT B**